### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSTYTUB, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) (Removed from Comanche County |
| ACCEPTANCE INDEMNITY | )    Case No. CJ-2025-361) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **NOTICE OF REMOVAL**

Defendant Acceptance Indemnity Insurance Company ("AIIC") removes the above-captioned action pending in the District Court of Comanche County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

1.  Plaintiff commenced this action titled, *Rustytub, LLC v. Acceptance Indemnity Insurance Company,* Case No. CJ-2025-361 (the "Action"), by filing a Petition with the District Court of Comanche County, State of Oklahoma (the "Complaint"), on June 12, 2025. *See* **Ex. 1**, Complaint.

2.  The Complaint purports to state claims for breach of contract and for breach of the duty of good faith and fair dealing (a so-called "bad faith claim") against Plaintiff's property insurer, Defendant AIIC. *See id.*

3. The Complaint in this Action is attached as **Exhibit 1**. The Summons issued and served on AIIC is attached as **Exhibit 2**. A copy of the Docket Sheet, and all other pleadings filed in this matter are attached hereto as **Exhibits 3-5**.

4. There are no motions pending before the Comanche County District Court in this matter.

5. As set forth more fully below, the Action is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because AIIC has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

**I.     AIIC has satisfied the procedural requirements for removal.**

6. Plaintiff submitted the Complaint and Summons on AIIC via certified mail on AIIC's representative, Kenneth Coon, on June 18, 2025. *See* **Ex. 2**, Summons; **Ex. 3**, Return of Service (showing receipt by Kenneth Coon on June 18, 2025); *see also Denny v. Ill. Nat'l Ins. Co.*, No. 10-CV-676-CVE-TLW, 2010 WL 5141656, at *3 (N.D. Okla. Dec. 13, 2010) (indicating that the relevant date from which to calculate deadlines is service on the insurer or insurer's registered agent, not service on the Oklahoma Insurance Department as statutory agent for all non-domestic insurers).

7. This Notice of Removal is being filed by AIIC within 30 days of service of the Complaint and Summons on AIIC, and is, therefore, timely under 28 U.S.C. § 1446(b). *See* Fed. R. Civ. P. 6(a)(1)(C); Okla. Stat. tit. 12, § 2006(A)(1).

8. Under 28 U.S.C. § 1446(a), the United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the

District Court of Comanche County, Oklahoma, where this Action is currently pending. *See* 28 U.S.C. § 116(c).

9. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

**II. Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).**

10. The Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because this civil action (A) concerns an amount in controversy exceeding the sum or value of $75,000, exclusive of interest and costs, that is (B) between citizens of different states. Thus, this Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

**A. The amount in controversy requirement is satisfied.**

11. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. **Ex. 1**, Complaint at p. 5 ("Plaintiff Rustytub, LLC pray [sic] for judgment against Defendant Acceptance Indemnity Insurance Company in an amount in excess of Seventy-Five Thousand Dollars ($75,000)").

12. Thus, the allegations regarding damages in the Complaint are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met under 28 U.S.C. § 1446(c)(2).

**B. Upon information and belief, complete diversity of citizenship exists between Plaintiff and AIIC.**

13. Plaintiff is an Oklahoma limited liability company. *See* **Ex. 1**, Complaint at ¶ 1. The citizenship of a limited liability company depends upon the citizenship of its members." *Castillo v. Duran*, No. CIV-14-1006-M, 2015 WL 1674663, at *3 (W.D. Okla.

Apr. 1, 2015). On July 14, 2025, AIIC's counsel communicated with Plaintiff's counsel to attempt to confirm the citizenship of Plaintiff. Plaintiff's counsel indicated to AIIC's counsel that Plaintiff's sole member is a citizen of Oklahoma. Based upon this communication, and upon information and belief, for purposes of determining diversity jurisdiction, Plaintiff is a citizen of Oklahoma.

       14.     AIIC is incorporated in Nebraska with its principal place of business in Nebraska. **Ex. 6**, National Association of Insurance Commissioners Company Lookup Summary; *see also* **Ex. 1**, Complaint, at ¶ 2 (contending AIIC is a Nebraska corporation with its principal place of business in Nebraska). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, those states are one and the same. For the purpose of determining diversity jurisdiction, AIIC is a citizen of Nebraska.

       15.     For the purpose of determining diversity jurisdiction, and upon information and belief, Plaintiff is a citizen of Oklahoma and AIIC is a citizen of Nebraska. Complete diversity, therefore, exists under 28 U.S.C. § 1332(a)(1).

       16.     AIIC reserves the right to amend or supplement this Notice of Removal.

       17.     AIIC reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b). AIIC will file an answer pursuant to Rule 81(c)(2)(C).

       18.     Written notice of the filing of this Notice of Removal will be given to Plaintiff and to the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, AIIC removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

>Respectfully Submitted,
>
>*/s/ Brandon Buchanan*
>Brandon Buchanan, OBA #18661
>Gatlin Squires, OBA #34795
>McAfee & Taft A Professional Corporation
>211 North Robinson, 8th Floor
>Oklahoma City, OK 73102
>Telephone: (405) 235-9621
>Facsimile: (405) 235-0439
>brandon.buchanan@mcafeetaft.com
>
>Anna E. Wolfe, OBA # 32021
>McAfee & Taft A Professional Corporation
>Two West 2nd Street, Suite 1100
>Williams Tower II
>Tulsa, OK  74103
>Telephone:  (918) 587-0000
>Facsimile:  (918) 599-9317
>anna.wolfe@mcafeetaft.com
>
>***Attorneys for Defendant Acceptance Indemnity Insurance Company***