IN THE DISTRICT COURT OF COMANCHE COUNTY
STATE OF OKLAHOMA

STATE OF OKLAHOMA
Comanche County
FILED in the
Office of the Court Clerk

JUN 1 2 2025

By_____
Deputy

| | |
|---|---|
| RUSTYTUB, LLC, | |
| Plaintiff, | |
| vs. | Case No. CJ-2025-__361_____ |
| ACCEPTANCE INDEMNITY INSURANCE COMPANY, | |
| Defendants. | |

**PETITION**

Plaintiff Rustytub, LLC ("Plaintiff"), for its cause of action against Defendant Acceptance Indemnity Insurance Company ("AIIC"), states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Rustytub, LLC is an Oklahoma limited liability company with its principle place of business in Lawton, Comanche County, Oklahoma.

2. Defendant Acceptance Indemnity Insurance Company ("AIIC" or "Defendant") is a corporation organized under the laws of the State of Nebraska with headquarters and principal place of business in that state. AIIC is licensed and engaged in the business of insurance in the State of Oklahoma.

3. The substantial events that give rights to this lawsuit occurred in Comanche County.

4. Venue is proper pursuant to 12 O.S. § 137.

1

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

5. Plaintiff entered into a contract of insurance with AIIC to provide coverage (Policy No. BND0005717) for property owned by Plaintiff in Lawton, Comanche County, Oklahoma, known generally as 526 – 532 SW 11th Street, Lawton, Oklahoma (the "Property").

6. On or around June 15, 2023, significant hail damage occurred to the Property.

7. Plaintiffs properly and timely submitted the claim for the hail damage to the Property (Claim No. CP2306042344).

8. Defendant acknowledged the submission of Plaintiff's claim.

9. On or about August 25, 2023, AIIC issued a partial denial of Plaintiffs' claim., citing various policy exclusions such as cosmetic damage and wear and tear and deterioration, and further asserting that interior and other damages were not the result of the hail event.

10. AAIC's agent through whom the policy of insurance was procured had represented prior to and at the time of the issuance of the policy that the policy would cover the types of damages for which AAIC denied coverage, and that the policy was the type which would fully restore, replace, and or repair the Property to their pre-loss condition in the event of a loss.. AAIC is bound by the representations of its agent.

11. Plaintiff materially relied to its detriment on the representations of AIIC's agent as stated above in purchasing the policy.

12. AIIC is estopped from denying coverage contrary to the representations of its agent.

13. Plaintiff has incurred damages that are directly attributable to the actions and omissions of AIIC.

## COUNT I: BREACH OF CONTRACT

2

14. Plaintiff fully incorporates into this paragraph each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

15. Plaintiff entered into a contract of insurance with AIIC to provide coverage to the Property. Plaintiff's Policy with AIIC was in full force and effect at all material times hereto.

16. Plaintiff provided proper notice to AIIC of their claim arising from the hailstorm that caused damage to their properties.

17. Plaintiff has in all material ways complied with the terms and conditions of its Policy.

18. AIIC, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to properly investigate Plaintiff's claim and pay Plaintiff all benefits to which it is entitled under the terms and conditions of the Policy.

19. As a result of AIIC's breach of contract and other wrongful conduct, Plaintiff has sustained financial losses, and has been damaged in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs, and interest.

## COUNT II: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

20. Plaintiff incorporates each and every preceding paragraph as if set forth fully herein.

21. AIIC owed a duty to Plaintiff to deal fairly and in good faith.

22. AIIC breached its duty to deal fairly and in good faith by engaging in the following acts and omissions:

    a. Failing to pay the full and fair amount for the property damage sustained by Plaintiff, in accordance with the terms and conditions of the insurance policy;

    b.    Purposefully, wrongfully, and repeatedly withholding pertinent benefits, due to Plaintiff under the terms and conditions of the insurance policy in violation of the Unfair Claims Settlement Practices Act, 36 O.S. §§ 1250.1-1250.16;

    c.    Purposefully, wrongfully, and repeatedly failing to communicate all coverages and benefits applicable to Plaintiff's claim;

    d.    Failing to fairly reevaluate Plaintiff's claim when new information was provided;

    e.    Forcing Plaintiff to retain counsel to recover insurance benefits to which they were entitled under the terms and conditions of the insurance contract;

    f.    Failing to perform a fair and objective investigation of Plaintiff's claim;

    g.    Failing to disclose to Plaintiff how their damages were calculated;

    h.    Engaging in these improper claim practices knowing that its insured would suffer financial harm; and

    i.    Putting its interest in maximizing financial gains first and limiting disbursements above the interests of Plaintiff.

23.    As a consequence of AIIC's breach of the duty of good faith and fair dealing, Plaintiffs have sustained damages, including deprivation of monies rightfully belonging to it, , attorney fees and litigation costs.

24.    The conduct of AIIC was intentional, willful, malicious, and/or in reckless disregard of the rights of others.

25.    The actions of AIIC during the handling of Plaintiff's claim demonstrate it intentionally, and with malice, breached its duty to deal fairly and in good faith.

26.    The actions of AIIC were intentional, malicious, and consistent with an overall collective corporate goal of increasing profits through the systematic reduction or avoidance of claims. Plaintiff therefore seeks punitive damage in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00).

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Rustytub, LLC pray for judgment against Defendant Acceptance Indemnity Insurance Company in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs, interest, reasonable attorney fees, and other relief that this Court deems just, equitable, and proper.

Respectfully submitted,

*[signature]*

**J. Blake Dutcher, Jr., OBA # 2565**
**Godlove, Mayhall, Dutcher, Rabon & Watson, P.**
**802 "C" Avenue**
**PO Box 29**
**Lawton, OK  73502**
**580-353-6700**
**jbd@godlovelaw.com**

*Attorney for Plaintiffs*